# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| TERRY THAMES, | **No. 05-40043** |
| Debtor. | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Jay A. Kohler, Idaho Falls, Idaho, Attorney for Debtor.

    Lane V. Erickson, RACINE, OLSON, NYE, BUDGE & BAILEY, Pocatello, Idaho, Attorney for Creditor Matthew Strong d/b/a Valley Concrete.

    Lisa A. Wood, RACINE, OLSON, NYE, BUDGE & BAILEY, Pocatello, Idaho, Attorney for Creditor Keller Supply.

    Lynn Hossner, St. Anthony, Idaho, Attorney for Creditor Stronks & Sons.

    L.D. Fitzgerald, Pocatello, Idaho, Trustee.

MEMORANDUM OF DECISION - 1

**Background**

Chapter 7 Debtor Terry Thames ("Debtor") filed a motion seeking to avoid several judicial liens under 11 U.S.C. § 522(f)(1)(A) to the extent the liens impair the homestead exemption he claims in a partially constructed residence located in Fremont County, Idaho. Am. Mot., Docket No. 14. Creditors Stronks & Sons do it Best Home & Hardware, LLC ("Stronks") and Keller Supply Company ("Keller") filed objections on February 3, 2005, and April 24, 2005, respectively. Docket Nos. 16, 18.[1] The Court conducted a hearing on the motion and objections on May 3, 2005, at which the parties appeared and presented evidence and testimony. At the conclusion of the hearing, the Court took the issues under advisement. Minutes, Docket No. 26.[2]

Keller believes that because its judgment lien attached to Debtor's real property before Debtor could claim an exemption, its lien has priority under

---

[1] Stronks amended its objection, apparently due to difficulties with the Court's electronic filing system. Docket No. 19. The amended pleading, as filed, appears to be a corrupted file, as it contains strange formatting and symbols throughout the text. To the extent the amended objection contains new information or argument, the Court's failure to consider it is not prejudicial, as explained further in this decision. Also, Keller filed a post-hearing brief, Docket No. 27. The Court did not consider the arguments Keller made, as it did not invite the parties to file post-hearing memoranda.

[2] Out of the list of creditors whose liens Debtor sought to avoid, only one other creditor, Matthew Strong, dba Valley Concrete, filed an objection and appeared at the hearing. The parties resolved that objection prior to the hearing, and the Court entered an order denying Debtor's motion to avoid Strong's lien pursuant to the stipulation of the parties. Minutes, Docket No. 26.

MEMORANDUM OF DECISION - 2

state law and may not be avoided. Stronks argues that it holds a statutory lien that can not be avoided, even though the lien has been reduced to a judgment. Debtor disagrees. After considering the evidence and testimony, the parties' arguments and the applicable legal authorities, the Court concludes that Keller does not have an enforceable lien, and that Stronks's lien may not be avoided.[3]

## Facts

**A. Debtor's Homestead.**

Debtor purchased a vacant lot in Fremont County (hereafter, the "Property") in a new subdivision known as Ashton Hills Estates in December 2001. Debtor paid $10,000 and financed the remaining amount of the purchase price of $34,000, which was secured by a deed of trust in favor of the developer, Ashton Hills Partnership. In April 2002, Debtor began construction on his future home. During that spring and summer, Debtor had the foundation poured and the house was framed and "dried-in." Debtor also installed asphalt roof shingles that summer, and completed some of the rough plumbing and duct work for the heating and air conditioning system. The "ground work" for the future installation

---

[3] To the extent required by Rule, this Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014. Some aspects of the witnesses' testimony was conflicting and contradictory. In making its findings of fact, the Court has relied upon its opportunity to observe the witnesses testify, assess their credibility, and assign the proper weight to be afforded to their testimony.

MEMORANDUM OF DECISION - 3

of underground electrical wiring and a septic tank was also completed.  Debtor did most of the work himself, and resided in a camp trailer he owned that was parked on the Property.

Debtor, who is regularly employed as a commercial heating and cooling contractor, was forced to find work elsewhere for the winter of 2003.  He left Ashton Hills to work in Salt Lake City, but returned to the Property on the weekends and stayed in the camp trailer.

Construction began in earnest again in the spring of 2003, when Debtor returned to the Property to live.  During that spring and summer, Debtor hung the sheet rock, completed the rough electrical and rough plumbing, drilled a well, installed a sewer system, erected a fence, installed windows, and ran permanent power to the house.  He financed this phase of the construction with a construction loan of $30,000, again obtained from the Ashton Hills Partnership and secured by a second deed of trust.  While he paid for some of the construction materials with the loan proceeds, there apparently was not enough money to pay for everything.  Debtor owed both Stronks and Keller for materials he purchased and installed in the house.

At some point during the summer of 2003, Debtor moved all of his possessions into the house and garage and began living inside the house, despite

MEMORANDUM OF DECISION - 4

the absence of running water, a kitchen and other usual amenities.  He moved two couches into the living area downstairs and put his bed, dresser, clothing and his television set into a bedroom on the second floor.  Debtor also moved his three horses into the enclosure he had built the previous summer.  Debtor testified that "everything [he] owned was there in April 2003."  Lacking functioning facilities in the house, Debtor purchased a "porta-potty" that he serviced periodically at a nearby RV park; he showered "other places."  To cook, Debtor used a microwave.  Once the house was far enough along, he sold the camp trailer and lived in the house.

Even though he was living in the house, after consulting with his attorney and out of an abundance of caution, Debtor executed a written "Declaration of Homestead" and had it recorded in the Fremont County real property records on October 16, 2003.  Ex. 1.

Debtor lived in his house through the winter and spring of the following year, working in Ashton.  When the weather warmed in the spring of 2004, Debtor did additional work on the house, including setting the septic tank in the ground.  He was forced to leave the house between July 8, 2004 and December 29, 2004, while he was incarcerated.  Debtor left his personal belongings at the house and boarded his horses with a friend.  Upon his release, he returned to the

MEMORANDUM OF DECISION - 5

Property and resumed living in the partially constructed house. However, in January 2005, Debtor was again without work. Debtor found employment in Boise where he rented a small studio apartment that he currently shares with a roommate. He signed a six month lease on the apartment, which terminates in June 2005.

Debtor filed for Chapter 7 bankruptcy relief on January 13, 2005. In his schedules, he disclosed that he owns an "unfinished home" in Ashton Hills Estates, and declared it had a value of $100,000. The Property is collateral for $78,000 in secured debt. Schedule A, Docket No. 1. Debtor claims a homestead exemption in the Property under Idaho Code § 55-1003 in the amount of $50,000. Schedule C, Docket No. 1. There were no objections filed to Debtor's claim of exemptions.[4] Debtor's Schedule F shows that he owes several construction suppliers, including Stronks and Keller.

---

[4] 11 U.S.C. § 522(l) provides that "[u]nless a party in interest objects, the property claimed as exempt [by the debtor in the schedules] is exempt." *See also* Fed. R. Bankr. P. 4003(b) (requiring that objections to debtor's claim of exemptions be filed within 30 days after the § 341(a) meeting of creditors); *Taylor v. Freeland & Kronz,* 503 U.S. 638, 642 (1992) (holding that absent a timely objection, property claimed as exempt by the debtor is exempt even if there is no good-faith basis for the exemption claim). However, a judgment lien creditor's failure to object to the allowance of a homestead exemption does not prevent the creditor from later challenging the validity of the debtor's exemption when the debtor later seeks to avoid the creditor's lien under § 522(f) of the Bankruptcy Code. *In re Field*, 05.1 I.B.C.R. 11, 13 n.7 (Bankr. D. Idaho 2005) (citing *Heintz v. Carey* (*In re Heintz*), 198 B.R. 581, 586–87 (B.A.P. 9th Cir. 1996)).

MEMORANDUM OF DECISION - 6

Keller's attorney hired Mr. Todd Hossner,[5] a local real estate broker, to take pictures of the house. Exhibit C1-D is a series of six photographs taken on April 19, 2005. The pictures depict a partially-completed house, with a portion of the exterior siding installed, along with roofing, windows and doors. The interior photographs show that sheet rock has been hung, and some taping and texture has been completed. Two couches are in the living room, and a television set can be seen in the loft area at the top of the stairs. No pictures were taken of the kitchen area or the interior of the garage.

**B. The Liens.**

When Keller was not paid, it sued Debtor in Washington state court for the money it was owed.[6] A default judgment was entered in the amount of $30,924.53, which Keller recorded in Washington on January 21, 2003. Keller filed the judgment in Idaho as a foreign judgment with the clerk of the court for the Sixth Judicial District, in Bannock County, on February 26, 2003. Ex. C1-C. Keller then had the notice of filing of foreign judgment, with the attached judgment and abstract, recorded in Madison County on May 16, 2003. Ex. C1-C. The judgment indicates Keller was awarded a money judgment that included the

---

[5] Mr. Lynn Hossner, attorney for Stronks, disclosed that Todd Hossner is his son.

[6] Keller is a Washington corporation according to the caption on its judgment. Ex. C1-C.

MEMORANDUM OF DECISION - 7

unpaid debt, accrued interest, attorney fees, and costs.

When Stronks was not paid, it filed a mechanic's lien on August 22, 2003, for $939.17 in labor and materials it was owed. Ex. C2-BB. When its lien went unsatisfied, Stronks filed a complaint to enforce its lien in the Seventh Judicial District Court, in Fremont County. Stronks also obtained a judgment by default, which was recorded in the Fremont County real property records on March 15, 2004. Ex. C2-AA. The court entered judgment in the amount of $1,039.17, plus costs and attorney fees, and declared that Stronks had "a priority lien for material on Lot 6, Ashton Hills Estates, located in Section 12, Township 9 North, Range 42 E.B.M. Fremont County, Idaho, as per the recorded plat thereof and may foreclose upon said lien according to law." Ex. C2-AA.

## Disposition

### A. Keller Does Not Have An Enforceable Lien Against Debtor's Property.

Keller obtained a judgment from a Washington state court. In order to acquire a lien against Debtor's real property in Idaho for that judgment, Keller was required to complete the procedure for filing and recording foreign judgments under Idaho's Uniform Enforcement of Foreign Judgments Act, Idaho Code §§ 10-1301–1308.[7] Idaho Code § 10-1302, which relates to the filing of foreign

---

[7] Idaho Code § 10-1301 defines a "foreign judgment" as any judgment of any other court of any state.

MEMORANDUM OF DECISION - 8

judgments with the clerk of an Idaho district court, provides in pertinent part:

> A copy of any foreign judgment certified in accordance with the act of congress or the statutes of this state *may be filed in the office of the clerk of any district court* of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner . . . .

Idaho Code § 10-1302 (emphasis added). A foreign judgment can be registered in Idaho by filing a duly authenticated copy of the judgment in the office of the clerk of any district court, pursuant to Idaho Code § 10-1303, together with an affidavit setting forth the name and last known address of the judgment debtor and judgment creditor. *Westmark Fed. Credit Union v. Smith*, 776 P.2d 1193, 1195 (Idaho 1989) (citing Idaho Code § 10-1303). Upon filing the foreign judgment and affidavit, the clerk is required to mail a notice of filing to the judgment debtor. Idaho Code § 10-1303(b). Keller filed a certified copy of its foreign judgment with the clerk of the Sixth Judicial District Court in Bannock County, and so registered its foreign judgment. *See Westmark*, 776 P.2d at 1194 (describing the procedures a judgment creditor followed to perfect a foreign judgment).[8]

---

[8] The record is unclear regarding whether Keller filed the required affidavit, a separate document usually prepared by either the judgment creditor or its attorney, which

MEMORANDUM OF DECISION - 9

Registration of a foreign judgment by filing it with a district court clerk does not, however, create a lien against the judgment debtor's real property. Idaho Code § 10-1306A. To obtain a lien, Idaho Code § 10-1306A instructs:

> A foreign judgment filed under this act shall not become a lien as provided in section 10-1110, Idaho Code, unless a transcript or abstract thereof, *certified by the clerk of the Idaho court in which it has been filed*, which certificate shall be made more than five (5) days after the filing of such judgment as provided in section 10-1303, Idaho Code, which judgment has not been stayed as provided by law, *has been recorded with the recorder of any county of this state in the manner provided by section 10-1110, Idaho Code*, and upon said recording shall be a lien from the date thereof.

Idaho Code § 10-1306A (emphasis added). Compliance with this statute is mandatory before a lien will be created and deemed effective. *Cf. In re Millsap*, 122 B.R. 577, 578 n.1 (Bankr. D. Idaho 1991) (noting that compliance with the

---

sets forth the judgment debtor's name and last known mailing address. *See* Idaho Code § 10-1303(a). Instead, Keller's lawyer prepared and filed a "Notice of Filing" setting forth the required information, and the clerk of the court, in addition to signing the notice prepared by Keller's attorney, prepared its own notice of filing. Ex. C1-C. In the absence of the required affidavit, it is not clear whether an Idaho court would consider the filing defective such that Keller's judgment was not registered in Idaho. *Cf. Westmark Fed. Credit Union*, 776 P.2d at 1195 (holding that when the procedure used for obtaining a writ of execution on a foreign judgment was substantially correct, and no prejudice resulted to the parties, any irregularity in the writ or its issuance was not sufficient to render it void). Because the Court determines Keller did not obtain a lien on Debtor's real property, there is no need for the Court to address whether Keller's failure to file an affidavit would impact the validity of its judgment in Idaho.

MEMORANDUM OF DECISION - 10

five day period of Idaho Code § 10-1306A is required before a lien will arise).

Under these statutes, then, to obtain a lien against Debtor's real property, Keller was required to obtain a certified copy of the transcript or abstract of the foreign judgment from the Bannock County district court clerk, where the foreign judgment was filed, and then record that transcript or abstract in the appropriate county recorder's office. *Messenger v. Burns*, 382 P.2d 913, 916 (Idaho 1963) (noting that the creation of a judgment lien requires a transcript or abstract of the judgment to be "certified"). A certified copy of a public record is a copy of a document "certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule . . . ." Idaho R. Evid. 902(4). But based upon the evidentiary record in this case, it appears that Keller failed to obtain a certified copy of the transcript or abstract of judgment from the Bannock County district court clerk. *See* Ex. C1-C. Instead, it appears Keller recorded only a file stamped copy of the Clerk's Notice of Filing and the attached judgment and abstract, not a certified copy. By failing to record the required certified copy, no lien arose according to Idaho Code § 10-1306A.

Even were the Court to overlook Keller's failure to comply with the certification requirement, Keller's lien did not attach to Debtor's Property for

MEMORANDUM OF DECISION - 11

another, even more important reason. Before a recorded foreign judgment will become a lien, Idaho Code § 10-1306A requires a judgment creditor to comply with Idaho Code § 10-1110. Idaho Code § 10-1110 provides, in pertinent part, that any judgment recorded in a county

> from the time of such recording, and not before, . . . becomes a lien upon all real property of the judgment debtor *in the county*, not exempt from execution, owned by him at the time or acquired afterwards at any time prior to the expiration of the lien . . . .

Idaho Code § 10-1110 (emphasis added). Thus, even though a judgment can be recorded in any county within a judicial district, the lien created thereby only attaches to real property owned by the judgment debtor in the county in which the judgment is recorded.

According to the recorder's stamp, Keller recorded a copy of the notice of filing and attached judgment and abstract in *Madison* County. Ex. C1-C. Debtor's Property, however, is located in *Fremont* County. Ex. 1. Debtor owns no other real property. While Madison and Fremont Counties are both part of the Seventh Judicial District, *see* Idaho Code § 1-808, for Keller's judgment lien to attach to the Property, Keller had to record the judgment in Fremont County, not Madison County. *See Fulton v. Duro*, 700 P.2d 14, 15 (Idaho 1985) (Bistline, J., concurring) (noting that a recorded lien is a lien against a defendant's real property

MEMORANDUM OF DECISION - 12

in the county or counties where recorded).

Debtor's motion to avoid Keller's lien because it impairs his homestead exemption on the Property, located in Fremont County, is moot because Keller holds no enforceable lien against that Property.[9]

**B. Stronks's Lien Is A Statutory Lien And Is Not Avoidable.**

Under the Bankruptcy Code, a debtor may avoid the "fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a judicial lien . . . ." 11 U.S.C. § 522(f)(1)(A). A prerequisite to the application of § 522(f)(1)(A) in this case is that Stronks's lien must be a judicial lien.

The Code defines a lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37). A "judicial lien" is a lien "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). In contrast, a "statutory lien" is one that arises "solely by force of a statute on specified circumstances or conditions, . . . but does not include . . . [a] judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C.

---

[9] As a result of this holding, the Court need not, and does not, consider Keller's other arguments.

MEMORANDUM OF DECISION - 13

§ 101(53).

In *Koski v. Seattle First Nat'l Bank* (*In re Koski*), 149 B.R. 170, 176–77 (Bankr. D. Idaho 1992), the Court considered and rejected the same argument made by Debtor here, holding that a valid mechanic's lien is a statutory lien not subject to the avoidance provisions of § 522(f), and that a subsequent judicial action to enforce the lien did not transform the lien from a statutory lien to a judicial lien. *See also In re Green*, No. 99-41291, 1999 WL 1811638 at *1–2 (Bankr. D. Idaho Dec. 23, 1999) (holding that a judgment enforcing a mechanic's lien did not transform the underlying lien into a judicial lien, and so the lien was not avoidable under § 522(f)(1)(A)).

In *Koski*, the creditor perfected a mechanic's lien against the debtor's homestead real property by complying with the statutory requirements of Idaho Code § 45-507. The creditor later chose to enforce its lien by filing a judicial action against the debtor to liquidate the amount of the debt and to foreclose on the debtor's real property. The state court granted the creditor a judgment of foreclosure. When the debtor filed for bankruptcy and sought to avoid the creditor's lien, the Court refused. The Court explained that the creditor's lien arose solely by force of statute, and was in existence before the state court entered its judgment of foreclosure. *Koski*, 149 B.R. at 177. The Court held

MEMORANDUM OF DECISION - 14

that "[t]he state court decision was in enforcement of the lien; it did not create the lien. As a result, the judicial decision did not change the lien from a statutory lien to a judicial lien." *Koski*, 149 B.R. at 177.[10]

The Court's analysis in *Koski* is applicable here. Debtor does not contest the validity of the underlying mechanic's lien, which Stronks contends arose pursuant to Idaho Code § 45-501. Stronks perfected its lien under the provisions of Idaho Code § 45-507.[11] Stronks chose to enforce its lien by seeking judicial foreclosure under Idaho Code § 45-510; it did not seek merely a money judgment. While the judgment liquidates the amount of the debt, it also concludes

---

[10] Compare the result of *Koski* with *In re Harpole*, 260 B.R. 165 (Bankr. D. Mont. 2001), where the Montana bankruptcy court considered whether a lien arising out of a personal money judgment entered in a lawsuit by an unpaid contractor against the debtor could be avoided. In *Harpole*, the contractor filed a mechanic's lien, but then sued for a money judgment, not a judgment of foreclosure according to the mechanic's lien statutes. The Montana bankruptcy court held that because the judgment made no reference to foreclosing the mechanic's lien and instead appeared to be solely a money judgment, it could be avoided by the debtor. *Harpole*, 260 B.R. at 169. Idaho Code § 45-515 gives laborers and contractors the option of a lien foreclosure action and a contract action. If the lien claimant opts for a contract action to recover a money judgment, presumably the reasoning of *Harpole* could apply.

[11] To perfect a mechanic's lien in Idaho, the recorded notice must both be verified by the lien claimant, under oath, and the lien claimant's signature must be acknowledged by a notary. Idaho Code § 45-507; *Treasure Valley Plumbing & Heating, Inc. v. Earth Resources Co.*, 684 P.2d 322 (Idaho Ct. App. 1984). It is not clear in this case whether Stronks's recorded notice of lien contained a verification and a notarized signature. *Compare* Ex. C2-BB, *with* Obj., Ex. A, Docket No. 16. Because Debtor could have, but did not, contest the validity and perfection of Stronks's underlying statutory lien in the state court action, and because the state court awarded Stronks a judgment, the Court considers its lien to be both valid and perfected. Ex. C2-AA.

MEMORANDUM OF DECISION - 15

that Stronks has a priority lien,[12] and declares that Stronks "may foreclose" upon the lien according to state law. Ex. C2-AA. On this record, the Court concludes that Stronks has a valid statutory lien, not a judicial lien, and as a result Debtor may not avoid Stronks's lien under § 522(f).[13]

---

[12] The determination of the lien's priority is required in a mechanic's lien foreclosure action by Idaho Code § 45-512. Where different liens for the recovery of labor and materials are asserted against real property, the judgment must declare the rank of each lien, with the proceeds of sale first going to satisfy laborers, then materialmen, subcontractors, the general contractor, and lastly engineers and surveyors. Idaho Code § 45-512.

[13] Given this result, the Court need not consider Stronks's challenges to the validity of Debtor's homestead exemption claim as to the Property.

MEMORANDUM OF DECISION - 16

## Conclusion

Keller does not hold an enforceable lien against Debtor's Fremont County Property. Stronks's lien is a statutory lien, not a judicial lien, and may not be avoided under § 522(f)(1)(A). A separate order will be entered.

Dated: June 20, 2005

Honorable Jim D. Pappas
United States Bankruptcy Judge